

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION**

| | | |
|---|---|---|
| LONDELL LASHUN ALSTON,<br>    Petitioner, | §<br>§<br>§ | |
| vs. | § | CIVIL ACTION NO. 0:24-43-MGL |
| CHIEF JOHN HICKS,<br>    Respondent. | §<br>§<br>§ | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING THIS CASE WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner Londell Lashun Alston (Alston) filed this lawsuit against Respondent Chief John Hicks (Hicks). He is representing himself.

The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending to the Court this case be dismissed without prejudice and without requiring Hicks to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on January 19, 2024, and the Clerk of Court entered Alston's objections on February 2, 2024. The Court has reviewed the objections, but holds them to be without merit. It will therefore enter judgment accordingly.

As per the law of the Fourth Circuit, this Court need not conduct a de novo review of the record "when a party makes general and conclusory objections that do not direct the court to a specific error in the [Magistrate Judge's] proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The Court is required to review the Report and Recommendation only for clear error in the absence of specific objections. *See Diamond v. Colonial Life & Accident Ins. Co*., 416 F.3d 310, 315 (4th Cir.2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record to accept the recommendation.") (citation omitted). Nevertheless, in an abundance of caution, the Court has gone ahead and conducted a de novo review of the record in this case.

Here, Alston wholly failed to bring any specific objections to the Report. Instead, he offers nothing more than non-specific objections. Inasmuch as the Court agrees with the Magistrate Judge's cogent analysis of this matter, which the Magistrate Judge sets forth in her comprehensive and well-reasoned Report, it need not repeat her discussion here.

Consequently, because Alston neglects to make any specific objections to the Report, and the Court has failed to find any defect in the Report, the Court will overrule Alston's non-specific objections and accept the Magistrate Judge's recommendation as to the disposition of this case.

Further, inasmuch as the Magistrate Judge warned Alston of the consequences of failing to file specific objections, Report at 5, he has waived appellate review. *See Howard v. Sec'y of Health & Human Servs*., 932 F.2d 505, 508-09 (6th Cir. 1991) (holding general objections are insufficient to preserve appellate review).

After a de novo review of the Report and the record in this case, the Court overrules Alston's objections, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court this case is **DISMISSED WITHOUT PREJUDICE**, and without requiring Hicks to file a return.

**IT IS SO ORDERED**.

Signed this 2nd day of May, 2024, in Columbia, South Carolina.

/s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****

**NOTICE OF RIGHT TO APPEAL**

Alston is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.